UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOSSE,<br><br>    Plaintiff,<br><br>v.<br><br>MR. HANSEN, MRS. STARR, and MRS. DOLAN,<br><br>    Defendants. | Case No. 1:21-cv-00118-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE RE: MEDICAL CLAIMS** |

The Clerk of Court conditionally filed Plaintiff Michael E. Bosse's Complaint because of his status as a prisoner and request to proceed in forma pauperis. Dkts. 3, 1.

District courts have broad discretion to manage their own dockets. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). Claims against multiple defendants within a single pleading must comply with Federal Rule of Civil Procedure 20(a)(2). That rule requires that at least one claim against all defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2). Claims that do not meet these criteria must be separated into different lawsuits.[1] The Court will allow only similar claims, grouped by similar defendants, to be included in a complaint.

---

[1] *See, e.g., George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

INITIAL REVIEW ORDER BY SCREENING JUDGE RE: MEDICAL CLAIMS - 1

After reviewing the Complaint, the Court has determined that Plaintiff's medical claims will be severed into a separate lawsuit and he will be required to file an amended complaint.

**REVIEW OF COMPLAINT**

**1. Standard of Law for Screening Complaints**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

Government officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or

her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the Supreme Court has explained that, "[b]ecause

society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The United States Court of Appeals for the Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 838.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical

INITIAL REVIEW ORDER BY SCREENING JUDGE RE: MEDICAL CLAIMS - 5

negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Rather, a constitutional tort requires the plaintiff show subjective deliberate indifference by bringing forward facts demonstrating that the defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm. See Farmer, 511 U.S. 835-38. Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

2. Discussion

At all times relevant to this case, Plaintiff was a prisoner in the legal custody of the Idaho Department of Correction (IDOC). Due to overcrowding in Idaho, Plaintiff was transferred from an Idaho facility to a Texas overflow facility, and then to an Arizona facility upon termination of the IDOC contract with the Texas facility. Plaintiff is now back in an Idaho facility. Plaintiff feels like he has been unable to obtain resolution of unconstitutional living conditions out of state, because he cannot sue Idaho officials in Texas, and he cannot sue Texas officials in Idaho. However, if Plaintiff desires to be engaged in litigation, he must follow the rules, even though bringing his causes of actions is a more difficult task when state actors from different states are involved.

Because of the statutory restrictions of § 1983, Plaintiff's claims against Defendant JaqLynn Dolan, the Director of Interstate Services for IDOC, must be narrow and specific. Dolan is a registered nurse and oversees medical compliance of out-of-state facilities

housing Idaho prisoners. Plaintiff must amend his pleadings to carefully and specifically allege not only that he was denied Eighth Amendment-compliant medical care in Texas and/or Arizona, but that Dolan had "personal participation" in the denial, as defined under the *Starr v. Baca* guidelines set forth above.

Plaintiff states that Dolan allowed the medical department in Arizona to withhold medical care for pre-existing conditions. What he seems to mean is that he had some eyeglasses, a knee wrap, and some over-the-counter medications that were contained in an interstate property shipment that were not returned to him upon his arrival at the new facility. *See* Dkt. 3-1, p. 5.

In his amended complaint, Plaintiff must state the date he lost these items, what he did to attempt to retrieve these items (and what dates he did so), and how Dolan had notice that these items were lost and that new facility refused to replace them but told him to wait for arrival of his property. He must state when, if ever, his property arrived. He must detail how the items in his lost property shipment were essential to his health. For example, why wasn't he wearing the eye glasses if they were necessary? Why wasn't he wearing the knee brace if it was necessary? What over-the-counter medications did he lose, and how did he go about trying to obtain more immediately? What injuries did he suffer by not having his over-the-counter medications and for how long did the deprivation last? Plaintiff will be required to provide copies of the written notices he provided to Defendant Dolan (or a detailed description of the "who, what, where, when, and why" that was included in the written notice, how he knows Dolan received it, and why a copy is unavailable)—not to show exhaustion of administrative remedies—but to show notice and subjective deliberate

INITIAL REVIEW ORDER BY SCREENING JUDGE RE: MEDICAL CLAIMS - 7

indifference as an element of the cause of action against this supervisory defendant.

Plaintiff also asserts that he was not provided with an eye examination or glaucoma testing in over a year while he was housed at the out-of-state facilities. *See* Dkt. 3, p. 2. If he has had an eye examination since he filed his original Complaint, he will be required to state whether the optometrist notified him that his vision had been impaired as a result of not having been tested in the prior year. That is, Plaintiff should state whether his glaucoma condition has worsened and whether that worsening could have been prevented by an earlier eye examination, or whether his condition would have declined either way and an earlier test would simply have detected the decline but no different treatment would have ben rendered. Importantly, for this Defendant, Plaintiff must state in the amended complaint how Defendant Dolan "personally participated" in this alleged violation, that is, how and when she was informed of it and facts showing she disregarded it. Plaintiff will be required to provide copies of the written notices he provided to Defendant Dolan (or a detailed description of the "who, what, where, when, and why" that was included in the written notice, how he knows Dolan received it, and why a copy is unavailable)—not to show exhaustion of administrative remedies—but to show notice and subjective deliberate indifference as an element of the cause of action against this supervisory defendant.

Plaintiff also asserts that he almost died of suffocation in a van during transport from Texas to Arizona. He urinated blood for a week and "sustained extreme physical and mental heat stroke" and bodily heat exhaustion. He received no medical care for his heat stroke and heat exhaustion, he asserts. Again, he will have to provide facts in his amendment showing how Defendant Dolan "personally participated" in this alleged

violation, that is, how and when she was informed of it and facts showing she disregarded it. Plaintiff will be required to provide copies of the written notices he provided to Defendant Dolan (or a detailed description of the "who, what, where, when, and why" that was included in the written notice, how he knows Dolan received it, and why a copy is unavailable)—not to show exhaustion of administrative remedies—but to show notice and subjective deliberate indifference as an element of the cause of action against this supervisory defendant.

If Plaintiff has already litigated the subject matter of these claims against the Texas medical providers in a lawsuit in Texas, he must provide the case numbers and case names to the Court, as well as specific factual information about his claims and how they were resolved.

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will grant Plaintiff 28 days to amend the Complaint.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Upon his return to an Idaho prison facility, Plaintiff filed a "Motion for Preliminary or Emergency Injunction and Hearing Against IDOC." Dkt. 6.

Issuance of a preliminary injunction is appropriate where a plaintiff can show that (1) there are "serious questions going to the merits," (2) there is a "a balance of hardships that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The type of relief a plaintiff is seeking sets the stage for the court's review of

whether a preliminary injunction should be granted: (1) a *prohibitory* injunction is intended to preserve the status quo; (2) a *mandatory* injunction "goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored"; and (3) a request for a mandatory preliminary injunction can be granted only if "the facts and law clearly favor the moving party." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (punctuation altered).

In addition, in the prison context, the Prison Litigation Reform Act (PLRA) provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). Further, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.; accord Nelson v. Campbell*, 541 U.S. 637, 650 (2004) ("The Prison Litigation Reform Act of 1995 (Act) imposes limits on the scope and duration of preliminary and permanent injunctive relief, including a requirement that, before issuing such relief, '[a] court shall give substantial weight to any adverse impact on ... the operation of a criminal justice system caused by the relief.'").

Here, Plaintiff's only "emergency" claims seem to be that his legal files have not been returned to him since his return to Idaho. That is not a claim related to the lack of medical care in Texas and Arizona. The request for preliminary or emergency injunctive relief will be denied. The Court's "equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in

INITIAL REVIEW ORDER BY SCREENING JUDGE RE: MEDICAL CLAIMS - 10

the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology v. Queen's Medical Center*, 810 F.3d 631, 633 (2015). Importantly, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Where a preliminary injunction complains of a set of facts distinct from those in the complaint, a preliminary injunction is inappropriate. *LeBoeuf, Lamb, Greene & MacRae, LLP. v. Abraham*, 180 F.Supp.2d 65, 69-70 (D.D.C. 2001) (motion for preliminary injunctive relief is denied where the complaint involves facts, legal issues, and parties different from those presented in the complaint).

If Plaintiff is still without his legal materials, and he is in danger of suffering harm or injury in any of his lawsuits, he may file a new lawsuit on access to courts—provided he has exhausted his administrative remedies. In his federal actions, Plaintiff generally can seek extensions of time if he is still waiting for his files to avoid harm or injury in his litigation.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall sever the medical claims of Plaintiff against Defendant Jaqlynn Dolan from the other claims in this lawsuit. Plaintiff's original Complaint in this action and this Order shall be filed in the new action.

2. Plaintiff has 28 days within which to file a conforming amended complaint in the new action. If Plaintiff does so, Plaintiff must file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, this case will be dismissed for failure to state a claim upon which relief can be granted, without further notice.

3. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. The Court will review the request when it receives more information about the claims and defenses.

4. Plaintiff's Motion for Preliminary or Emergency Injunction and Hearing Against IDOC (Dkt. 6) is DENIED.

DATED: April 23, 2021

David C. Nye
Chief U.S. District Court Judge