UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL E. BOSSE,

Plaintiff,

v.

ALLEN STEWART,

Defendant.

Case No. 1:21-cv-00118-DCN

**MEMORANDUM DECISION AND ORDER**

Pending before the Court in Plaintiff Michael Bosse's prisoner civil rights case is Defendant Allen Stewart's Motion to Dismiss for Failure to State a Claim. Dkt. 76. The Court permitted Plaintiff to proceed on three access to court claims in his Third Amended Complaint. *See* Dkts. 31, 36. The Court also notified the parties that the Motion to Dismiss would be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56(e)(1). The parties were entitled to supplement their briefing and exhibits. Dkt. 97 at 3. Supplementation has been completed, and the Court now considers the parties' briefing.

## REVIEW OF MOTION TO DISMISS UNDER RULE 56

### 1. Standard of Law

Summary judgment is appropriate where the moving party can show that, as to a particular claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To show that the material facts are not in dispute, a party may cite to particular materials in the record or

show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, there must be a *genuine* dispute as to a *material* fact essential to an important element of the cause of action or defense to survive summary judgment. Disputes over facts that are not material to the resolution of the motion will not preclude summary judgment. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the parties. Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

Pro se inmates are exempted "from *strict* compliance with the summary judgment rules," but not "from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). At summary judgment, courts "do not focus on the admissibility of the evidence's form," but "on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute over a material fact actually does exist.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Under the First Amendment, prisoners have a right to access the courts to file criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 346, 354 (1996). Claims for denial of access to the courts may arise from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002) (adjudicating claim that Government officials intentionally deceived the plaintiff by concealing information that her husband, a foreign dissident, was being detained and tortured in his own country by military officers of his government, who were paid by the Central Intelligence Agency (CIA), and, with this information, the plaintiff could have saved her husband's life).

To state a backward-looking access to courts claim alleging that a prisoner suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting four elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in a suit that could be brought, *id*. at 415-17, and (4) facts showing officials acted with some intentional motivation to restrict the litigant's access to the courts. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005); *Luca v. Lutz*, 17 F.3d 395 (9th Cir. 1994) (unpubl.) (to

state a constitutional claim of interference with the right of access to the courts, a prisoner must demonstrate that officials purposefully acted to deprive him of that right).

**2. Discussion of Claims**

Defendant Stewart was the access-to-courts paralegal at the prison where Plaintiff was housed in April 2021. Plaintiff has identified three federal civil rights cases in which Defendant Stewart allegedly caused him actual injury: Case No. 1:19-00268 (Case 268), Case No. 1:19-cv-00270 (Case 270), and Case No. 1:19-cv-00271 (Case 271).

The Court notified Plaintiff that he must provide facts from the three court actions showing that Stewart took an action that led to dismissal of a meritorious claim under the *Christopher* standard. He cannot simply assert that Stewart did not make copies for him or generally did not file items that Plaintiff presented for filing. Plaintiff must show exactly what Stewart did to obstruct a particular case and how Plaintiff suffered an injury. Plaintiff was also warned that Plaintiff must show that harm occurred to a meritorious claim; in other words, he must provide facts demonstrating that he lost a nonfrivolous or arguable claim if Stewart would not have interfered with it.

A. Case 268

Plaintiff was assaulted by another inmate on January 18, 2017, and consequently transferred to segregation pending investigation. In Case 268, he alleged that Corizon, the contracted prison health care company, provided him with inadequate medical care for the injuries sustained in the altercation. Case 268, Dkt. 3 at 2. Corizon filed a motion for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies before filing suit. Case 268, Dkt. 44 at 2.

In the Order granting summary judgment, the Court noted:

> Bosse alleges after he was transferred to segregation, he was told he would receive treatment, but no one returned to his cell until the next day. Dkt. 3, at 2. As a result of the fight, Bosse alleges his nose, wrist, and finger were broken, that he sustained contusions to his head and face and broken skin on his lips, face, and eye, and tore the meniscus in his knee. *Id*. Bosse claims he demanded x-rays for his broken bones and knee surgery, but that these demands were denied because he was told it was against IDOC policy. *Id.*
>
> Bosse did not submit a grievance regarding the January 18, 2017 attack. *Id*. Bosse admits he is familiar with the grievance process and has "filled out a lot of them, only to find out the grievance system does not work." In his complaint, which he filed on July 10, 2019, Bosse asserts he was told by someone that it was "against IDOC/Corizon policy to reset broken bones." Dkt. 41, at 10; Dkt. 3, at 2. As such, Bosse contends there were no available administrative remedies to exhaust. Dkt. 3, at 2. Bosse also notes the damage he suffered from Corizon's purported inadequate medical care is permanent, and that exhaustion would thus be futile.

Dkt. 44 at 2-3.

Plaintiff asserted the following additional counter defenses to the exhaustion defense, which the Court rejected:

> Bosse argues in his Memorandum in Opposition to Defendant's Motion that he was "denied the opportunity to grieve" because of "threats of destruction[.]" Dkt. 41, at 7. He asserts that threats to destroy the grievances he wanted to file—made by several unnamed members of the medical staff—caused the grievance process to be unavailable to him. *See generally* Dkt. 41. Bosse's allegations are conclusory, inconsistent, baseless, and without any support. Conclusory statements, without adequate support or explanation, are insufficient to defeat a motion for summary judgment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Parks v. McEvoy*, 2015 WL 435463, at *4 (N.D. Cal. Feb. 2, 2015).

*Id*. at 6-7. The case was dismissed on May 20, 2021. *Id*.

Based upon a review of the material facts and analysis in Case 268, the Court concludes that dismissal of Case 268 had nothing to do with Stewart, but with Plaintiff's own failure to use the available grievance system to exhaust his claims before filing a lawsuit.

Alternatively, the Court rejects Plaintiff's argument that Stewart interfered with Plaintiff's mailing of a change of address form to the Court in Case 268 in April 2021, for lack of supporting evidence. Plaintiff asserts that he "tried to send out to the courts, a change of address motion, back in April of 2021 but having harassment & deliberate indifference to access to courts by Defendant, caused the damage, Defendant even went as far as to yelling at me for putting papers in the ATC [access to courts] drop box, and said don't do that." Dkt. 99 at 3 (verbatim).

Plaintiff has attached a copy of his "ISCI Resource Center Activity Log" with the following entry to support this claim:

> 6/4/2021 "Paperwork found in the unit Resource Center box is denied. According to policy, place only the properly completed Access to Courts Request Form in the Resource Center box requesting appropriate services. Do not put your paperwork in the box. Paperwork sent to inmate by institutional mail for proper handling."

Case 118, Dkt. 99 at 15.

This document does not aid Plaintiff's position. His court papers (whatever they were on June 4, 2021) were not rejected for filing; it was explained to him that only the form, not the legal documents, are to be placed in the box. He could have followed the

policy and had his documents filed. The date of this entry is June 4, 2021, close to the date Plaintiff submitted his change of address notice on June 11, 2021. Case 268, Dkt. 48. But Plaintiff has submitted nothing showing that this sequence of events also took place in April 2021, when he asserts that, due to Stewart's harassment, deliberate indifference, and yelling, he was not able to file a change of address notice.

Further, nothing in this sequence of events shows that Stewart intended to deprive Plaintiff of accessing the court—the requisite state of mind for this type of claim. It is not enough that Stewart allegedly told Plaintiff in a tone of voice described as "yelling" to follow a certain procedure for submitting access-to-courts forms versus documents intended for filing. There is insufficient evidence in the record that, in April 2021, Stewart harassed Plaintiff to the extent that Plaintiff would not have been able to file a notice, because, as described below, Plaintiff filed many court papers during the same time frame.

The Court concludes that Plaintiff's assertion that Stewart intentionally interfered with Plaintiff's notice of change of address filing in April 2021 for the purpose of depriving him of access to the federal court is a conclusory statement, without adequate support, and is insufficient to defeat summary judgment. Federal Rule of Civil Procedure 56(c) provides: "If a party fails to properly support an assertion of fact the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

The motion, supporting materials, and the following undisputed evidence from all of Plaintiff's pending cases show that Stewart had nothing to do with Plaintiff's failure to file a timely and proper change of address notice and is entitled to summary judgment on

the claim centering on Case 268.

Near the beginning of Case 268, the Court issued an Order on September 11, 2019, stating, "Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice." *See* Case 268, Dkt. 9 at 9. It is undisputed that, beginning in April 2021, whenever Plaintiff filed papers in his cases, he wrote his new Idaho address in the top left corner of his pleadings and papers, along with the word "new" in the left margin.

But Plaintiff did not file any pleading or paper in Case 268 between the date he was transferred from Arizona to Idaho (March 2021) and the date the Court issued the Judgment closing Case 268 (May 20, 2021). Therefore, the Clerk of Court had no notice in that case of a change of address, and Plaintiff's copy of the Order and Judgment were mailed to Plaintiff's last known address in Arizona and returned to the Court as undeliverable. Case 268, Dkts. 44, 45, 46.

Plaintiff's filings in his other cases show that he filed no formal "change of address" notice until June 2021, but between April and June, he was able to continue to file pleadings and papers in all of his cases. For example, Plaintiff *was* able to file a motion in this case, Case 118, on April 12, 2021. Case 118, Dkt. 6. The motion bears the new Idaho address in the top left corner. The envelope return address also shows a new address and the first line of the address reads, "Bosse, new address." Dkt. 6 at 3-4.

In addition, in Case 270, Plaintiff filed a motion on April 14, 2021, and a declaration on April 19, 2021. Case 270, Dkts. 42, 43. The word "new" was written next to the new Idaho address in the top left corner of both documents.

There is no evidence from April 2021 showing that Plaintiff notified the Court that Stewart prevented him from filing a change of address notice in Case 268. He has not produced an inmate concern form or grievance showing that he reported to supervisors that Stewart refused to file a notice of change of address in Case 268 in April 2021. He has no explanation why all of his April 2021 documents were filed in his other active cases, but his alleged notice of change of address in Case 268 was the only one rejected by Stewart. Nor did Plaintiff submit a formal change of address notice in any of his other pending cases in April 2021, but instead used the method of writing "new" and using his new Idaho address directly on his papers filed with the Court.

On May 20, 2021, the Court entered an Order and Judgment dismissing Case 268. Dkts. 44, 45. The Clerk of Court sent Plaintiff's copy of the Order and Judgment to him at his registered ECF address, the Saguaro Correction Facility, Dorm HB Cell 6, 1252 E. Arica Ave, Elroy, AZ 85131. Dkt. 45. On June 11, 2021, the mail was returned as undeliverable because Plaintiff was "not in custody." Dkt. 46.

Plaintiff first filed a global change of address notice for all of his cases on June 11, 2021 (mailbox rule date). *See* Dkt. 11 at 1, showing the "Change of Address Motion All Cases" was submitted in Cases 118, 268, 270, and 271. The body of the change of address notice makes it clear that Plaintiff believed that simply by placing his new address at the top of each filing, he had given proper notice to the Clerk of Court of his change of address: "Please change my address, and quit sending my correspondences to Texas & Arizona. For all the cases listed above, also to enter this motion into the docket queries! For <u>All</u> Cases." Dkt. 11 (emphasis in original).

Prior to his June 2021 change of address notice, Plaintiff did not realize that an Order and Judgment had been issued in Case 268 and had been sent to Arizona. The notice of appeal was due on Monday, June 21, 2021, because the 30-day period ended on Saturday, June 19, 2021.

Plaintiff clearly had access to the courts on June 11, 2021, because he actually filed a notice of change of address. Nothing shows that he could not have filed a notice of appeal at that time, had he been monitoring Case 268.

Plaintiff finally filed a Notice of Appeal in Case 268 on August 15, 2024 (mailbox rule date). Dkt. 49. With the notice of appeal, Plaintiff filed a request for an emergency injunction, stating that "the U.S. District Court, Boise Idaho, refuses to send me correspondences, grant emergency or preliminary hearings or injunctions. They will not send copies of M.D.O. results, rendering me unable to litigate my claims." Dkt. 49-1 at 1. Plaintiff's informal brief to the Court of Appeals states that he gave his notice of appeal to prison authorities on August 1, 2021. He asserts that he filed an "original appeal brief and petition … two weeks earlier." *Id*. at 2. Two weeks prior to August 1, 2021, still would not have been timely. Petitioner's Motion to Proceed in Forma Pauperis on Appeal similarly states: "U.S. District Court errored by not contacting me of M.D.O." Dkt. 49-3 at 2 (verbatim).

On August 27, 2021, Plaintiff filed a letter with the Court stating that, as of August 27, 2021, Stewart began refusing to provide any legal services to Plaintiff or other prisoners. Case 268, Dkt. 52 at 1. Occurrence on that date are irrelevant to the causation question at issue, and the fact that this letter is docketed shows that Plaintiff did have access

to the courts in August 2021.

On October 18, 2021, the Ninth Circuit Court of Appeals dismissed Plaintiff's August 15, 2021, Notice of Appeal as untimely. Dkt. 53.

The record shows that dismissal of Plaintiff's appeal was his own fault for not promptly filing a change of address upon being transferred from Arizona to Idaho in March 2021. The Court sent his copy of the Order of Dismissal and Judgment to Plaintiff at the address he had on file. The envelope is stamped by the facility where the Clerk of Court sent Plaintiff's mail, and so there is no question that the mail arrived anywhere except at the address he had on file with the Clerk of Court.

Nothing in the record shows that the failure to file a change of address notice was due to Stewart. Plaintiff only began making those allegations in August 2021, far too late for there to be a causal link between Stewart and Plaintiff.

Further, Plaintiff asserted in all of his appeal-related documents that the United States District Court erred by not noticing the new address listed on his pleadings and papers and changing it without a formal change of address notice. Even if that is true, Plaintiff did not file any document in Case 268 that included even this improper way of attempting to change his address with the Court. Plaintiff's causation assertions for the late appeal—that the court erred by not changing Plaintiff's address—has nothing to do with Stewart. Plaintiff's vague assertions about the ATC drop box that occurred in June 2021 do not support his conclusory assertion that Stewart prevented him from filing a formal change of address notice in Case 268 in April 2021.

Plaintiff's allegations that he was generally or specifically deprived of access to the

courts is unsupported by the record. In Stewart's briefing, he counted 70 different filings Plaintiff made between March 2021 and December 2021. Dkt. 76-1 at 2.

For all of these reasons, the Claim centering on Case 268 will be dismissed for failure to state a claim upon which relief can be granted.

B. Case 270

The subject matter of Case 270 was summarized in the Court's Order of December 13, 2021:

> Plaintiff, a convicted felon in custody of the Idaho Department of Correction (IDOC), alleges that IDOC officials ignored his direction to file an Interstate Agreement on Detainers Act (IAD) request on his behalf for disposition of Montana charges that were the subject of a detainer. However, Plaintiff subsequently resolved this issue on his own within the required resolution time frame.
>
> …
>
> No constitutional violation occurred; therefore, Plaintiff's cause of action did not accrue, and, hence, he cannot assert a claim for damages on a cause of action that never accrued. The Court also agreed with Defendants that Plaintiff stated no cause of action for being transported to Texas against his will, because there is no constitutional right to be housed in a particular unit in prison or the facility of one's choice. Plaintiff's conditions-of-confinement claims arising from his Texas incarceration have been or are being addressed in other lawsuits. This Court concludes that the appeal in this action is taken in bad faith, because there are no conceivable non-frivolous arguments that could save Plaintiff's case from dismissal.

Case 270, Dkt. 60 at 2-3.

The Ninth Circuit Court of Appeals determined that the appeal was frivolous, and the case was dismissed. *Id.*, Dkt. 62.

Because Plaintiff has failed to show that he had a meritorious claim or that the claim was lost as a result of Defendant's actions, the claim centered on Case 270 is subject to dismissal for failure to state a claim upon which relief can be granted.

C. Case No. 271

Case 271 was dismissed on failure to exhaust grounds, and affirmed on appeal. In that case, it was noted that, on March 11, 2017, Plaintiff filed a grievance related to an inmate assault incident that had occurred in January 2017. Plaintiff's civil rights complaint raised a *past* failure-to-protect claim for the January 2017 assault, but his grievance raised only *future* preventative protection concerns, asking not to be housed with the inmate who attacked him. Case 271, Dkt. 63 at 10-13.

Plaintiff asserted that he had submitted an Offender Concern Form to Sergeant Lee in January 2017, complaining about staff failure to protect him, and produced a copy of the form. But there was no year dated on the form, nor did the form bear the signature of Sergeant Lee in the "received" portion of the form. *Id*. at 10. In the appellate decision affirming dismissal for failure to exhaust the particular claim in the complaint, the Ninth Circuit determined: "To the extent Bosse contends prison officials are denying him access to the courts, this contention is unsupported by the record." Case 270, Dkt. 74 at 3.

Plaintiff has made no connection between Defendant Stewart and the fact that Plaintiff wrote his grievance on one type of claim (future) instead of another (past). Because Plaintiff cannot show causation, this claim will be dismissed for failure to state a claim upon which relief can be granted.

### 3. Conclusion

To the extent that Plaintiff has made arguments that have not been directly addressed in this Order, the Court has considered the arguments and rejected them. Because Plaintiff has not met the *Christopher* standard on any of his claims, this entire case is subject to dismissal without prejudice. Plaintiff has had sufficient opportunities to amend, and no further amendment will be permitted. The Court will not entertain a motion to reconsider this Order.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. 76), treated as a motion for summary judgment under Rule 56, is GRANTED.
2. This case is DISMISSED with prejudice in its entirety.
3. Plaintiff's Motion for Default Judgment (Dkt. 95) is DENIED.
4. The Court concludes that any appeal would be frivolous and revokes Plaintif's in forma pauperis status.

DATED: September 21, 2026

David C. Nye
U.S. District Court Judge